UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN WILLIAM MARCINIAK,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**DECISION AND ORDER**
13-CV-295S

Plaintiff John Marciniak is a prevailing party in this social security benefits action. Presently before this Court is Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C. § 406 (b)(1)(A). (Docket No. 18.) Defendant does not oppose the motion but raises timeliness concerns. (Docket No. 24.)

Forty-two U.S.C. § 406 (b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The United States Court of Appeals for the Second Circuit has recently clarified that § 406 (b) motions must be filed within 14 days after the claimant receives notice of the Commissioner's favorable award on remand, consistent with Rule 54 (d)(2)(B) of the

Federal Rules of Civil Procedure and equitable tolling principles. See Sinkler v. Berryhill, __ F.3d __, 2019 WL 3510486, at *3 (2d Cir. Aug. 2, 2019).

In Sinkler, the Second Circuit waded into the existing circuit split concerning whether Rule 54 (d)(2)(B) or Rule 60 (b) determines the timeliness of § 406 (b) motions, joining the Third, Fifth, and Eleventh Circuits in finding that Rule 54 applies. See id. at *1; see also Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010) (applying Rule 54); Pierce v. Barnhart, 440 F.3d 657, 663 (5th Cir. 2006) (same); Burgen v. Comm'r of Soc. Sec., 545 F.3d 1273, 1277 (11th Cir. 2006) (same); but see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006) (applying Rule 60 (b)).

Rule 54 (d)(2)(B)(i) provides that motions for attorney's fees be filed no later than 14 days after the entry of judgment, unless a statute or a court order provides otherwise. But as the Second Circuit noted, strict application of this timeframe is problematic in the § 406 (b) context because "the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands, and § 406 (b) caps attorney's fees at 25% of the benefits award." Sinkler, 2019 WL 3510486, at *3. Counsel is thus faced with "a deadline that cannot be met." Walker, 593 F.3d at 280. Joining the Third, Fifth, and Eleventh Circuits, the Second Circuit resolved this practical problem by applying the doctrine of equitable tolling to extend the time to file § 406 (b) motions until 14 days after the claimant is notified of the Commissioner's favorable award on remand, which the Second Circuit found more harmonious with the federal rules of civil procedure than applying Rule 60 (b). Sinkler, 2019 WL 3510486, at *3.

The Second Circuit addressed another practical problem: Sinkler's lack of notice

2

that the 14-day limitations period applies. Sinkler argued that her motion should be considered timely filed under a reasonableness standard—whether the motion was filed "within a reasonable time"—notwithstanding the rule application announced in Sinkler, because that had been the practice of various district courts in the Second Circuit to-date. See id. at *5. The court was unpersuaded. Even applying the reasonableness standard that Sinkler invited it to do, the court found that Sinkler's unexplained failure to file her § 406 (b) motion for more than six months after receiving notice of the Commissioner's calculation of benefits on remand was not reasonable. See id. at *5-6. It therefore found no prejudice stemming from Sinkler's lack of notice that Rule 54 and principles of equitable tolling govern the timeliness of § 406 (b) motions. See id. at *6. Consequently, it affirmed the district court's judgment.

Here, Plaintiff was awarded $141,332 in past-due benefits by letter dated June 5, 2017. (Affirmation of Kenneth Hiller ("Hiller Aff."), Docket No. 18-2, ¶ 13 and Docket No. 18-4.) That notice also advised that $35,333 was withheld for attorney's fees. (Docket No. 18-4.) Eight months later, Plaintiff was again notified that $35,333 was being withheld for attorney's fees, by letter dated February 17, 2018. (Docket No. 24-1.) On August 20, 2018, counsel filed the instant § 406 (b) motion seeking $25,000 in fees, consistent with the contingent-fee agreement that provides for attorney fees not to exceed 25% of any recovery. (Hiller Aff., ¶ 17 and Docket No. 18-6.) Thus, the § 406 (b) motion was filed approximately 14 months after the first notice of award and 6 months after the second notice pertaining to attorney's fees. No explanation is provided for this delay.

Having thoroughly reviewed counsel's fee request and supporting documentation,

this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  See Gisbrecht v. Barnhart, 535 U.S. 789, 808, 1122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  Moreover, there is no indication that this fee is a windfall.  Id.  Counsel's motion, however, is untimely under Sinkler, because it was filed, without explanation, more than 14 months after counsel received notice of the favorable award, and more than 6 months after counsel received the second notice of attorney's fees withheld.

This Court finds, however, that outright denial of counsel's motion would be inequitable, since there is no question that counsel performed the work alleged and obtained a favorable result for his client.  Outright denial is also disfavored because counsel's fee application was filed before he had the benefit of the Sinkler decision.  Counsel, of course, is now on notice of the applicable deadlines for § 406 (b) motions.

Rather than outright denial, this Court finds it most equitable to grant counsel's fee request but require counsel to compensate Plaintiff for the financial prejudice caused by the delay.  By stipulation approved and ordered on November 26, 2013, this Court awarded Plaintiff's counsel $5,400 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d).  (Docket Nos. 16, 17.)  Because the fee sought herein exceeds the EAJA fee, Plaintiff is entitled to a refund of the EAJA fee.  See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988).  Had counsel timely filed his § 406 (b) fee request, Plaintiff would have had use of his $5,400 much sooner.  This Court will therefore grant counsel's $25,000 fee request, but direct that counsel refund Plaintiff the

$5,400 EAJA award, together with interest for the period June 23, 2017,[1] to August 20, 2018, paid at the statutory rate set in 28 U.S.C. § 1961.  See Coia v. Colvin, 15-CV-6095 (CJS) (W.D.N.Y. Feb. 20, 2018).

IT HEREBY IS ORDERED, that counsel's Motion for Attorney Fees in the amount of $25,000 under 42 U.S.C. § 406 (b)(1)(A) (Docket No. 18) is GRANTED.

FURTHER, that counsel is directed to refund to Plaintiff the $5,400 EAJA award, together with interest for the period June 23, 2017, to August 20, 2018, paid at the statutory rate set in 28 U.S.C. § 1961, within 14 days of the entry date of this Decision and Order.

SO ORDERED.

Dated:   August 18, 2019
         Buffalo, New York

                                         /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge

---

1  This is 14 days from the date of the Commissioner's favorable award, with the addition of three days for mailing.  See Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011) (noting that the law presumes that a party receives written communications three days after mailing).